OPINION OF THE COURT

Per Curiam.

This appeal challenges a unanimous determination of the State Commission on Judicial Conduct that petitioner, *367 a Judge of the City Court of Lockport, violated sections 16, 42 and 471 of the Judiciary Law, sections 33.1, 33.2 (a), 33.3 (b) (3) and 33.5 (f) of the Rules Governing Judicial Conduct (22 NYCRR 33.1, 33.2 [a], 33.3 [b] [3], 33.5 [f]) and canons 1, 2 and 3B (3) of the Code of Judicial Conduct. Upon review, we accept the determination made by the commission.
The charges brought against the petitioner alleged that on numerous occasions he or his law partners appeared in Lockport City Court during the period petitioner served as a Judge of that court. Additionally, petitioner was alleged to have allowed temporarily appointed Lockport City Court Judges and their law partners to appear before him.
As a defense, petitioner asserted that under the Lockport City Charter, there were two separate City Courts. The court designated City Court had sole jurisdiction over civil matters (art 15) and the Police Justice Court (art 14) was limited to criminal matters. Petitioner maintains that as a Judge in Police Justice Court, he, as well as his law partners, could continue to appear as counsel in civil matters heard in City Court.
The fallacy of petitioner’s argument is that the two courts established for Lockport in 1911 (L 1911, ch 870) were consolidated in 1964 under the provisions of the Uniform City Court Act. (UCCA, § 2300, subd [c].) It was thus improper and a violation of sections 16 and 471 of the Judiciary Law for petitioner to appear in Lockport City Court, or to have allowed his partners to have appeared in either division of that court.
As to those charges that petitioner acted improperly by allowing temporarily appointed City Court Judges and their law partners to appear before him in City Court, we agree with the commission that “public confidence in the integrity and impartiality of the courts is diminished when a part-time judge acts as a lawyer in a proceeding in his own court before one of his judicial colleagues.” Furthermore, such conduct violates those canons of Judicial Conduct which require a Judge to studiously avoid all taint of impropriety. (Code of Judicial Conduct, canon 2.)
Accordingly, we accept the determination of the commission that petitioner be removed from judicial office.
*368 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Willard H. Harris, Jr., is removed from the office of Judge of the City Court of the City of Lockport.